

PAUL J. HETZNECKER, Esquire
Attorney ID No. 49990
1420 Walnut Street
Suite 911
Philadelphia, PA 19102
(215) 893-9640

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| The Estate of Scharonne A. Coachman | : |
| Plaintiff, | : |
| v. | : JURY TRIAL DEMANDED |
| POLICE OFFICER JOHN DOE I,<br>Badge No. Unknown<br>In His Individual and Official<br>Capacity as a Philadelphia Police<br>Officer<br>c/o Brenda Benson<br>City of Philadelphia<br>1515 Arch Street<br>Philadelphia, PA 19103 | : FILED<br>: APR 17 2006<br>: By _____ Dep. Clerk<br>: 06 -1634 |
| and | : |
| POLICE OFFICER JOHN DOE II<br>Badge No. Unknown<br>In His Individual and Official<br>Capacity as a Philadelphia Police<br>Officer<br>c/o Brenda Benson<br>Law Department<br>1515 Arch Street<br>Philadelphia, PA 19103 | : |
| and | : |

| | |
|---|---|
| POLICE OFFICER JOHN DOE III | : |
| Badge No. Unknown | : |
| In His Individual and Official | : |
| Capacity as a Philadelphia Police | : |
| Officer | : |
| c/o Brenda Benson | : |
| Law Department | : |
| 1515 Arch Street | : |
| Philadelphia, Pa 19103 | : |
| | : |
| and | : |
| | : |
| City of Philadelphia Police Department | : |
| c/o Brenda Benson | : |
| Law Department | : |
| 1515 Arch Street | : |
| Philadelphia, PA 19103 | : |
|            Defendants | : |
| | : |
| | : |

## COMPLAINT

### Introduction

1. This is an action for money damages brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution, and under the common law of the Commonwealth of Pennsylvania, against the City of Philadelphia, Pennsylvania, and on the jurisdiction of this Court to entertain claims arising under state law.

2. It is alleged that one of the defendants, identified below as John Doe I, choked, beat and maced the decedent, Scharonne Coachman, causing his death. It is further alleged that the two other defendant police officers, John Doe II and John Doe III, failed to intervene and prevent John Doe I from choking Mr. Coachman. Furthermore it is alleged that John Doe II

and John Doe III failed to provide any assistance to Mr. Coachman during and after the assault. All three defendants without legal cause or excuse, made an unreasonable seizure of the person of Scharonne Coachman, violating his rights under the Fourth and Fourteenth Amendments to the United States Constitution, as well as 42 U.S.C. Section 1983.

## Parties

3. Scharonne Coachman, the decedent, was at all times relevant to the complaint, an adult resident of the City of Philadelphia, PA.

4. The plaintiff, Gary Lashner is the Administrator of the Estate of Scharonne Coachman.

5. Defendant Police Officer John Doe I, was at all times relevant to this complaint a police officer with the City of Philadelphia Police Department, and acting under color of state law. Upon information and belief he is a member of a Narcotics Field Unit of the Philadelphia Police Department. He is being sued in both his individual and official capacities.

6. Defendant Police Officer John Doe II, was at all times relevant to this complaint a police officer with the City of Philadelphia Police Department, and acting under color of state law. Upon information and belief he is a member of a Narcotics Field Unit of the Philadelphia Police Department. He is being sued in both his individual and official capacities.

7. Defendant Police Officer John Doe III, was at all times relevant to this complaint a police officer with the City of Philadelphia Police Department, and acting under the color of state law. Upon information and belief he is a member of a Narcotics Field Unit of the Philadelphia Police Department. He is being sued in both his individual and official capacities.

8. The City of Philadelphia, is a municipal corporation and the public employer of the said individual defendant officers.

## Facts

9. It is alleged that on June 30, 2005 at 1:34 p.m. the defendants and other police officers from the Narcotics Field Unit set up a surveillance in the area of Paxson and Market Streets for the purpose of detecting narcotic sales.

10. Upon information and belief the three defendant officers, John Doe I, John Doe II, and John Doe III, observed what they believed to be a narcotics transaction involving the decedent and at least one other person.

11. Upon information and belief the defendant officers decided to make an arrest based on their observations. Defendant John Doe I approached the decedent, Mr. Coachman. The defendants allege that Mr. Coachman placed packets of narcotics in his mouth in order to conceal them from the police.

12. Upon information and belief Defendant John Doe I, in the process of arresting Mr. Coachman, grabbed Mr. Coachman and forced him to the ground. Once Mr. Coachman was on the ground Defendant John Doe I placed his hands around Mr. Coachman's throat in an attempt to force him to spit the alleged narcotics out of his mouth.

13. Upon information and belief, while Mr. Coachman was being choked Defendant Officer John Doe I struck Mr. Coachman on the head with a walkie talkie.

14. Upon information and belief, while he was beaten and choked, Mr. Coachman was sprayed with mace which further interfered with his ability to breathe and contributed to his death.

15. Upon information and belief, as Defendant John Doe I was choking and beating Mr. Coachman was conscious for several moments while struggling to breathe. During his struggle to breathe Mr. Coachman suffered great pain prior to his death.

16. Upon information and belief, at no time during the course of this incident did the police have probable cause to arrest, seize or search Scharonne Coachman, including his mouth.

17. Upon information and belief, at no time during the course of this incident did the decedent, Scharonne Coachman, do anything which justified the use of excessive force by Defendant John Doe I.

18. Upon information and belief, there was no probable cause for the arrest of the decedent, no probable cause for the search of his person, including his mouth, and no probable cause or excuse to seize the person of the plaintiff's decedent, and no search warrant authorizing the search of his body cavities.

19. Upon information and belief Defendants John Doe II and John Doe III, witnessed their fellow officer, John Doe I, choke and beat Mr. Coachman, and failed to intervene. The failure to act by Defendants John Doe II and John Doe III, in the face of this attack by their fellow Officer John Doe I against Mr. Coachman was a direct and proximate cause of Mr. Coachman's death.

20. Upon information and belief, Defendants John Doe I, John Doe II and John Doe III failed to render aid to Mr. Coachman when it was clear that he was having difficulty breathing.

21. As a direct and proximate result of the acts of the defendant officers, the

decedent suffered the following injuries and damages:

    a. Violation of his constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution, to be free from an unreasonable search and seizure of his person;

    b. Loss of his life;

    c. Physical pain and suffering and emotional trauma in suffering prior to his demise.

22. The actions of the defendants violated the following clearly established and well settled federal constitutional rights of the decedent Scharonne Coachman:

    b. Freedom from the unreasonable seizure of his person;

    c. Freedom from the use of excessive, unreasonable and unjustified force against his person.

## COUNT I

### 42 U.S.C. § 1983-Wrongful Death

23. Paragraphs 1 through 21 are incorporated herein by reference as though fully set forth above.

24. The Plaintiff, Gary Lashner on behalf of the Estate, claims damages for the wrongful death of the decedent, Scharonne Coachman and for the loss of income and support and protection and care and assistance to the children, and for burial expenses, under 42 U.S.C. § 1983 and the Pennsylvania Wrongful Death Statute.

## COUNT II

### 42 U.S.C. § 1983-Survival Action

25. Paragraphs 1 through 22 are incorporated herein by reference as though fully set forth.

26. Scharonne Coachman was forced to endure great conscious pain and suffering and in the moments prior to his death as a result of defendants' actions.

27. Scharonne Coachman filed no action during his lifetime, but under the laws of the Commonwealth of Pennsylvania this action survives and may be asserted by his Estate.

28. Plaintiff Gary Lashner on behalf of the Estate claims damages for the conscious pain and suffering and necessary medical expenses incurred by Scharonne Coachman, under 42 U.S.C. § 1983.

## COUNT III

### Excessive Force-Wrongful Death

29. Paragraphs 1 through 26 are incorporated herein by reference as though fully set forth.

30. Defendant police officer John Doe One, used excessive force in the process of falsely arresting and attempting to unlawfully search the decedent, Scharonne Coachman.

31. Defendant police officer John Doe II and John Doe III, aided and abetted police officer's John Doe I actions by failing to intervene, and prevent the excessive use of force which resulted in Mr. Coachman's death.

32. Plaintiff Gary Lashner on behalf of the Estate claims damages for the wrongful death of Scharonne Coachman, and loss of income, services, protection, care, assistance,

guidance, comfort and companionship and for the funeral and burial expenses under the Commonwealth of Pennsylvania and the Pennsylvania Wrongful Death Statute.

## COUNT IV

### Excessive Force

33. Paragraphs 1 through 29 are incorporated herein by reference as though fully set forth.

34. Defendants Police Officer John Doe I along with Police Officers John Doe II and John Doe III used excessive force during the arrest by assaulting, beating, choking, macing the decedent Scharonne Coachman.

35. Scharonne Coachman was forced to endure great conscious pain and suffering prior to his death.

36. Scharonne Coachman filed no action during his lifetime, but under the laws of the Commonwealth of Pennsylvania this action survives and may be asserted by his Estate.

37. Plaintiff Gary Lashner on behalf of the Estate claims damages for the conscious pain and suffering incurred by Scharonne Coachman under Pennsylvania law. The actions taken by the Defendants were in violation of the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. Section 1983.

## COUNT V

### Unlawful Arrest

38. Paragraph 1 through 34 are incorporated herein by reference as though fully set forth above.

39. Defendant officers John Doe I, John Doe II, and John Doe III did not have

probable cause to arrest and search the decedent Scharonne Coachman.

40. The attempt to search Scharonne Coachman's mouth for narcotics was without probable cause and without a warrant.

41. This search was in violation of his Fourth Amendment and Fourteenth Amendments rights under the United States Constitution as well as a violation of 42 U.S.C. § 1983.

## COUNT VI

## CONSPIRACY

42. Paragraph 1 through 40 are incorporated herein by reference as though fully set forth above.

43. Officers John Doe I, John Doe II, and John Doe III engaged in a conspiracy to falsely arrest, and engage in excessive use of force, which resulted in Mr. Coachman's death.

44. Officers John Doe I, John Doe II, and John Doe III along with other unamed police officers aided and abetted John Doe I by failing to intervene and assist the decedent, Scharonne Coachman, by preventing John Doe I from choking Scharonne Coachman. Furthermore, John Doe II and John Doe III, along with other unamed officers aided and abetted John Doe I by failing to provide immediate medical attention to Mr. Coachman following the assault.

45. The actions of the Defendants were in violation of the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. Section 1983.

## COUNT VII

(Against the Municipality)

46. Paragraphs 1 through 43 are incorporated herein by reference as though fully set forth below.

47. Upon information and belief, prior to June 2005, the City of Philadelphia developed and maintained policies or customs exhibiting deliberate indifference to he constitutional rights of individuals arrested and on the streets of Philadelphia.

48. Upon information and belief it was a policy and/or custom of the City of Philadelphia to inadequately and improperly investigate complaints of excessive use of force and as a consequence, actions by Philadelphia Police officers amounting to excessive use of force were tolerated.

49. Defendant City of Philadelphia, as a matter of policy and practice, has with deliberate indifference, failed to properly train the defendant officers regarding the proper use of force and consequently has failed to sanction, discipline and/or retrain the individual defendants, police officers generally and these defendants specifically, John Doe I, John Doe II and John Doe III, for violations of constitutional rights of citizens.

50. Upon information and belief, Defendant City of Philadelphia, as a matter of policy and practice failed to properly supervise and train its police officers, including the defendant officers, regarding the appropriate use of force and restraint upon a person subject to arrest. The Police Department did not require appropriate training for its police officers regarding the appropriate restraining techniques. If provided, training methods were not properly enforced once the Department became aware of excessive use of force.

51. As a result of the above described policies and customs, police officers of the City of Philadelphia, including the defendant officers, believe their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated and punished, but rather tolerated within the Department. This allowed these police officers, including these individual defendant officers, to conceal the violation of constitutional rights, thereby causing and encouraging police officers, including the defendants, to engage in this unconstitutional conduct.

52. The above described policies and customs demonstrate deliberate indifference on the part of the policy makers in the City of Philadelphia Police Department, to the constitutional rights of persons within the City of Philadelphia subject to arrest, and was the direct cause of the violations of plaintiff's decedent's rights alleged herein.

53. The actions of Defendants John Doe I, John Doe II and John Doe III, acting under the color of state law, deprived the decedent, Mr. Coachman of his rights, privileges and immunities under the law and Constitution of the United States as set forth in the Fourth Amendment, Fourteenth Amendment , the Due Process Clause as well as 42 U.S.C. Section 1983.

WHEREFORE, the plaintiff requests that this Court:

a. Award compensatory damages to plaintiff against the defendants;

b. Award punitive damages against the individual defendants;

c. Award costs of this action to the plaintiff;

d. Award reasonable attorney's fees and costs to the plaintiff;

e. Award such other and further relief as this Court may deem appropriate.

Respectfully submitted,

_____
PAUL J. HETZNECKER, ESQUIRE
Attorney for Plaintiff
Estate of Scharonne Coachman

DATE: April 17, 2006

# Court of Common Pleas of Philadelphia County
## Trial Division
# Civil Cover Sheet
## (Supplemental Parties)

For Prothonotary Use Only (Docket Number)

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| The Estate of Scharonne A. Coachman | Police Officer John Doe I |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
| | c/o City of Phila.<br>1515 Arch St.<br>Phila., PA 19102 |
| PLAINTIFF'S NAME | DEFENDANT'S NAME |
| | Police Officer John Doe II |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
| | c/o CIty OF PHILA.<br>1515 Arch St.<br>Phil. PA. 19102 |
| PLAINTIFF'S NAME | DEFENDANT'S NAME |
| | Police Officer John Doe III |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
| | c/o City of Phila.<br>1515 Arch St.<br>Phila. PA 19102 |
| PLAINTIFF'S NAME | DEFENDANT'S NAME |
| | City of Phila. |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
| | 1515 Arch St.<br>Phila., PA 19102 |

01-102