PAUL J. HETZNECKER, Esquire
Attorney ID No. 49990
1420 Walnut Street
Suite 911
Philadelphia, PA 19102
(215) 893-9640



**FILED**

OCT 24 2006

MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk



## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

THE ESTATE OF SCHARONNE A.
COACHMAN                                    CA 06 - 1634

              Plaintiff,      :

                          :     **JURY TRIAL DEMANDED**

v.                      :

                          :   ~~CA No. 05-cv-6765~~

POLICE OFFICER SHAWN OECHSLE:
Badge No. 1963                              :
In His Individual and Official              :
Capacity as a Philadelphia Police           :
Officer                                     :
c/o Brenda Benson                           :
City of Philadelphia                        :
1515 Arch Street                            :
Philadelphia, PA 19103                      :

                      :

and                                         :

POLICE OFFICER JOSEPH DOMICO :
Badge No. 4522                              :
In His Individual and Official              :
Capacity as a Philadelphia Police           :
Officer                                     :
c/o BRENDA BENSON                           :
LAW DEPARTMENT                              :
1515 Arch Street                            :
Philadelphia, PA 19103                      :

                      :

and                                         :

                      :

**FILED**

MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

POLICE OFFICER THOMAS      :
DONAHUE      :
Badge No. 6694      :
In His Individual and Official      :
Capacity as a Philadelphia Police      :
Officer      :
c/o Brenda Benson      :
Law Department      :
1515 Arch Street      :
Philadelphia, Pa 19103      :
      :
and      :
      :
POLICE OFFICER ARTHUR      :
WESTON      :
Badge No. 3266      :
In His Individual and Official      :
Capacity as a Philadelphia Police      :
Officer      :
c/o Brenda Benson      :
Law Department      :
1515 Arch Street      :
Philadelphia, PA 19103      :
      :
City of Philadelphia Police Department      :
c/o Brenda Benson      :
Law Department      :
1515 Arch Street      :
Philadelphia, PA 19103      :
          Defendants      :
      :
      :

---

## FIRST AMENDED COMPLAINT

### Introduction

1.     This is an action for money damages brought pursuant to 42 U.S.C. §§

1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution,

2

and under the common law of the Commonwealth of Pennsylvania, against the City of Philadelphia, Pennsylvania, and on the jurisdiction of this Court to entertain claims arising under state law.

2.     It is alleged that the defendants, identified below, choked, beat and maced the decedent, Scharonne Coachman, causing his death. It is further alleged that the three other defendant police officers, John Domico, Thomas Donahue, and Arthur Weston failed to intervene and prevent Police Officer Shawn Oeschle, Badge No. 1963 from choking Mr. Coachman. Furthermore it is alleged that defendant police officers Joseph Domico, Thomas Donahue and Arthur Weston failed to provide any assistance to Mr. Coachman during and after the assault. All three defendants Joseph Domico, Thomas Donahue and Arthur Weston without legal cause or excuse, made an unreasonable seizure of the person of Scharonne Coachman, violating his rights under the Fourth and Fourteenth Amendments to the United States Constitution, as well as 42 U.S.C. Section 1983.

### Parties

3.     Scharonne Coachman, the decedent, was at all times relevant to the complaint, an adult resident of the City of Philadelphia, PA.

4.     The plaintiff, Gary Lashner is the Administrator of the Estate of Scharonne Coachman.

5.     Defendant Police Officer Shawn Oeschle, Badge No., 1963 was at all times relevant to this complaint a police officer with the City of Philadelphia Police Department, and acting under color of state law. Upon information and belief he is a member of a Narcotics Field Unit of the Philadelphia Police Department. He is being sued in both his individual and

official capacities.

6.      Defendant Police Officer Joseph Domico, Badge No. 4522, was at all times relevant to this complaint a police officer with the City of Philadelphia Police Department, and acting under color of state law. Upon information and belief he is a member of a Narcotics Field Unit of the Philadelphia Police Department. He is being sued in both his individual and official capacities.

7.      Defendant Police Officer, Thomas Donahue, Badge No. 6694, was at all times relevant to this complaint a police officer with the City of Philadelphia Police Department, and acting under the color of state law. Upon information and belief he is a member of a Narcotics Field Unit of the Philadelphia Police Department. He is being sued in both his individual and official capacities.

8.      Defendant Police Officer, Arthur Weston, Badge No. 3266, was at all times relevant to this complaint a police officer with the City of Philadelphia Police Department, and acting under the color of state law. Upon information and belief he is a member of a Narcotics Field Unit of the Philadelphia Police Department. He is being sued in both his individual and official capacities.

8.      The City of Philadelphia, is a municipal corporation and the public employer of the said individual defendant officers.

### Facts

9.      It is alleged that on or about June 29, 2005 at 1:34 p.m. the defendants and other police officers from the Narcotics Field Unit set up a surveillance in the area of Paxson and Market Streets for the purpose of detecting narcotic sales.

4

10. Upon information and belief the three defendant officers observed what they believed to be a narcotics transaction involving the decedent and at least one other person.

11. Upon information and belief the defendant officers decided to make an arrest based on their observations. Defendant Shawn Oeschle, Badge No. 1963 approached the decedent, Mr. Coachman. The defendant Shawn Oeschle alleged that Mr. Coachman placed packets of narcotics in his mouth in order to conceal them from the police.

12. Upon information and belief Defendant Shawn Oeschle, Badge No. 1963, in the process of arresting Mr. Coachman, grabbed Mr. Coachman and forced him to the ground. Once Mr. Coachman was on the ground, the Defendant Oeschle placed his hands around Mr. Coachman's throat in an attempt to force him to spit the alleged narcotics out of his mouth.

13. Upon information and belief, while Mr. Coachman was being choked Defendant Officer Joseph Domico, Badge No. 4522 struck Mr. Coachman on the head with a walkie talkie or other objects.

14. Upon information and belief, while he was beaten and choked, Mr. Coachman was sprayed with mace by Defendants Joseph Domico, Badge No. 4522, and Thomas Donahue, Badge No. 6694 and Arthur Weston, Badge No. 3266, which further interfered with his ability to breathe and contributed to his death.

15. Upon information and belief, as Defendant Shawn Oeschle, Badge No. 1963 was choking and beating Mr. Coachman was conscious for several moments while struggling to breathe. During his struggle to breathe Mr. Coachman suffered great pain prior to his death.

16.     Upon information and belief, as Defendant Arthur Weston, Badge No. 3266 grabbed the right arm of Scharonne Coachman while Defendant Shawn Oeschle, Badge No. 1963 had him in a headlock, and the decedent was struggling to breathe.

16.     Upon information and belief, at no time during the course of this incident did the police have probable cause to arrest, seize or search Scharonne Coachman, including his mouth.

17.     Upon information and belief, at no time during the course of this incident did the decedent, Scharonne Coachman, do anything which justified the use of excessive force by Defendants.

18.     Upon information and belief, there was no probable cause for the arrest of the decedent, no probable cause for the search of his person, including his mouth, and no probable cause or excuse to seize the person of the plaintiff's decedent, and no search warrant authorizing the search of his body cavities.

19.     Upon information and belief Defendants, Joseph Domico, Badge No. 4522, and Thomas Donahue, Badge No. 6694 , and Arthur Weston, Badge No. 3266 witnessed their fellow officer, Shawn Oeschle, Badge No. 1963, choked Mr. Coachman, and failed to intervene. The failure to act by Defendants Joseph Domico, Badge No. 4522, and Thomas Donahue, Badge No. 6694 , and Arthur Weston, Badge No. 3266, in the face of this attack by their fellow Officer Shawn Oeschle, Badge No. 1963 against Mr. Coachman was a direct and proximate cause of Mr. Coachman's death.

20.     Upon information and belief, Defendants failed to render aid to Mr. Coachman when it was clear that he was having difficulty breathing.

21.     As a direct and proximate result of the acts of the defendant officers, the decedent suffered the following injuries and damages:

a.  Violation of his constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution, to be free from an unreasonable search and seizure of his person;

b.  Loss of his life;

c.  Physical pain and suffering and emotional trauma in suffering prior to his demise.

22.     The actions of the defendants violated the following clearly established and well settled federal constitutional rights of the decedent Scharonne Coachman:

b.  Freedom from the unreasonable seizure of his person;

c.  Freedom from the use of excessive, unreasonable and unjustified force against his person.

## COUNT I

### 42 U.S.C. § 1983-Wrongful Death

23.     Paragraphs 1 through 21 are incorporated herein by reference as though fully set forth above.

24.     The Plaintiff, Gary Lashner on behalf of the Estate, claims damages for the wrongful death of the decedent, Scharonne Coachman and for the loss of income and support and protection and care and assistance to the children, and for burial expenses, under 42 U.S.C. § 1983 and the Pennsylvania Wrongful Death Statute.

7

## COUNT II

### 42 U.S.C. § 1983-Survival Action

25.     Paragraphs 1 through 22  are incorporated herein by reference as though fully set forth.

26.     Scharonne Coachman was forced to endure great conscious pain and suffering and in the moments prior to his death as a result of defendants' actions.

27.     Scharonne Coachman filed no action during his lifetime, but under the laws of the Commonwealth of Pennsylvania this action survives and may be asserted by his Estate.

28.     Plaintiff Gary Lashner on behalf of the Estate claims damages for the conscious pain and suffering and necessary medical expenses incurred by Scharonne Coachman, under 42 U.S.C. § 1983.

## COUNT III

### Excessive Force-Wrongful Death

29.     Paragraphs 1 through 26 are incorporated herein by reference as though fully set forth.

30.     Defendant police officers Shawn Oeschle, Joseph Domico, Thomas Donahue, and Arthur Weston used excessive force in the process of falsely arresting and attempting to unlawfully search the decedent,  Scharonne Coachman.

31.     Defendant police officers, Joseph Domico, Thomas Donahue, and Arthur Weston aided and abetted Police Officer's Shawn Oeschle's actions by failing to intervene, and prevent the excessive use of force which resulted in Mr. Coachman's death.

32.     Plaintiff Gary Lashner on behalf of the Estate claims damages for the wrongful

8

death of Scharonne Coachman, and loss of income, services, protection, care, assistance, guidance, comfort and companionship and for the funeral and burial expenses under the Commonwealth of Pennsylvania and the Pennsylvania Wrongful Death Statute.

## COUNT IV

### Excessive Force

33. Paragraphs 1 through 29 are incorporated herein by reference as though fully set forth.

34. Defendants Police Officers Shawn Oeschle, Joseph Domico, Thomas Donahue, and Arthur Weston used excessive force during the arrest by assaulting, beating, choking, macing the decedent Scharonne Coachman.

35. Scharonne Coachman was forced to endure great conscious pain and suffering prior to his death.

36. Scharonne Coachman filed no action during his lifetime, but under the laws of the Commonwealth of Pennsylvania this action survives and may be asserted by his Estate.

37. Plaintiff Gary Lashner on behalf of the Estate claims damages for the conscious pain and suffering incurred by Scharonne Coachman under Pennsylvania law. The actions taken by the Defendants were in violation of the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. Section 1983.

## COUNT V

### Unlawful Arrest

38. Paragraph 1 through 34 are incorporated herein by reference as though fully set forth above.

9

39.     Defendant officers Shawn Oeschle, Joseph Domico, Thomas Donahue and Arthur Weston did not have probable cause to arrest and search the decedent Scharonne Coachman.

40.     The attempt to search Scharonne Coachman's mouth for narcotics was without probable cause and without a warrant.

41.     This search was in violation of his Fourth Amendment and Fourteenth Amendments rights under the United States Constitution as well as a violation of 42 U.S.C. § 1983.

## COUNT VI

## CONSPIRACY

42.     Paragraph 1 through 40 are incorporated herein by reference as though fully set forth above.

43.     Police Officers Shawn Oeschle, Joseph Domico, Thomas Donahue and Arthur Weston engaged in a conspiracy to falsely arrest, and engage in excessive use of force, which resulted in Mr. Coachman's death.

44.     Police Officers Shawn Oeschle, Joseph Domico, Thomas Donahue and Arthur Weston along with other unnamed police officers aided and abetted Police Officer Shawn Oeschle by failing to intervene and assist the decedent, Scharonne Coachman, by preventing Shawn Oeschle from choking Scharonne Coachman.  Furthermore, defendant officers, along with other unnamed officers aided and abetted Police Officer Shawn Oeschle by failing to provide immediate medical attention to Mr. Coachman following the assault.

45.     The actions of all the Defendants were in violation of the Fourth and

Fourteenth Amendments to the United States Constitution and 42 U.S.C. Section 1983.

## COUNT VII

### (Against the Municipality)

46.     Paragraphs 1 through 43 are incorporated herein by reference as though fully set forth below.

47.     Upon information and belief, prior to June 2005, the City of Philadelphia developed and maintained policies or customs exhibiting deliberate indifference to he constitutional rights of individuals arrested and on the streets of Philadelphia.

48.     Upon information and belief it was a policy and/or custom of the City of Philadelphia to inadequately and improperly investigate complaints of excessive use of force and as a consequence, actions by Philadelphia Police officers amounting to excessive use of force were tolerated.

49.     Defendant City of Philadelphia, as a matter of policy and practice, has with deliberate indifference, failed to properly train the defendant officers regarding the proper use of force and consequently has failed to sanction, discipline and/or retrain the individual defendants, police officers generally and these defendants specifically Police Officers Shawn Oeschle, Joseph Domico, Thomas Donahue and Arthur Weston for violations of constitutional rights of citizens.

50.     Upon information and belief, Defendant City of Philadelphia, as a matter of policy and practice failed to properly supervise and train its police officers, including the defendant officers Shawn Oeschle, Joseph Domico, Thomas Donahue and Arthur Weston, regarding the appropriate use of force and restraint upon a person subject to arrest. The Police

11

Department did not require appropriate training for its police officers regarding the appropriate restraining techniques. If provided, training methods were not properly enforced once the Department became aware of excessive use of force.

51. As a result of the above described policies and customs, police officers of the City of Philadelphia, including the defendant officers, defendant officers Shawn Oeschle, Joseph Domico, Thomas Donahue and Arthur Weston believe their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated and punished, but rather tolerated within the Department. This allowed these police officers, including these individual defendant officers, to conceal the violation of constitutional rights, thereby causing and encouraging police officers, including the defendants, to engage in this unconstitutional conduct.

52. The above described policies and customs demonstrate deliberate indifference on the part of the policy makers in the City of Philadelphia Police Department, to the constitutional rights of persons within the City of Philadelphia subject to arrest, and was the direct cause of the violations of plaintiff's decedent's rights alleged herein.

53. The actions of Defendants, acting under the color of state law, deprived the decedent, Mr. Coachman of his rights, privileges and immunities under the law and Constitution of the United States as set forth in the Fourth Amendment, Fourteenth Amendment , the Due Process Clause as well as 42 U.S.C. Section 1983.

**WHEREFORE**, the plaintiff requests that this Court:

a.      Award compensatory damages to plaintiff against the defendants;

b.      Award punitive damages against the individual defendants;

c.      Award costs of this action to the plaintiff;

d.      Award reasonable attorney's fees and costs to the plaintiff;

e.      Award such other and further relief as this Court may deem appropriate.

Respectfully submitted,

_____

PAUL J. HETZNECKER, ESQUIRE
Attorney for Plaintiff
Estate of Scharonne Coachman

DATE:July 5, 2006